**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| WILLIE JAMES TERRELL, JR., | : | |
| Booking No. 0610258, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-2264-TWT |
| RICHARD J. PENNINGTON; et al., | : | |
|     Defendants. | : | |

| | | |
|---|---|---|
| WILLIE JAMES TERRELL, JR., | : | |
| Booking No. 0610258, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-2385-TWT |
| CITY OF ATLANTA; et al., | : | |
|     Defendants. | : | |

| | | |
|---|---|---|
| WILLIE JAMES TERRELL, JR., | : | |
| Booking No. 0610258, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
|     v. | : | CIVIL ACTION NO. |
| | : | 1:09-CV-3345-TWT |
| RICHARD J. PENNINGTON; et al., | : | |
|     Defendants. | : | |

| | |
|---|---|
| WILLIE JAMES TERRELL, JR., : | |
| Booking No. 0610258, : | PRISONER CIVIL RIGHTS |
|     Plaintiff, : | 42 U.S.C. § 1983 |
| : | |
|     v. : | CIVIL ACTION NO. |
| : | 1:09-CV-3482-TWT |
| CRAIG L. SCHWALL, et al., : | |
|     Defendants. : | |
| | |
| WILLIE JAMES TERRELL, JR., : | |
| Booking No. 0610258, : | PRISONER CIVIL RIGHTS |
|     Plaintiff, : | 42 U.S.C. § 1983 |
| : | |
|     v. : | CIVIL ACTION NO. |
| : | 1:09-CV-3483-TWT |
| CRAIG L. SCHWALL, : | |
|     Defendant. : | |
| | |
| WILLIE JAMES TERRELL, JR., : | |
| Booking No. 0610258, : | PRISONER CIVIL RIGHTS |
|     Plaintiff, : | 42 U.S.C. § 1983 |
| : | |
|     v. : | CIVIL ACTION NO. |
| : | 1:10-CV-1841-TWT |
| CITY OF ATLANTA, et al., : | |
|     Defendants. : | |

2

AO 72A
(Rev.8/82)

| | | |
|---|---|---|
| WILLIE JAMES TERRELL, JR., | : | |
| Booking No. 0610258, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-1842-TWT |
| CITY OF ATLANTA; et al., | : | |
|     Defendants. | : | |
| | : | |

| | | |
|---|---|---|
| WILLIE JAMES TERRELL, JR., | : | |
| Booking No. 0610258, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-1843-TWT |
| ATLANTA JUDICIAL CIRCUIT; | : | |
| et al., | : | |
|     Defendants. | : | |

| | | |
|---|---|---|
| WILLIE JAMES TERRELL, JR., | : | |
| Booking No. 0610258, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:10-CV-1844-TWT |
| CITY OF ATLANTA; et al., | : | |
|     Defendants. | : | |
| | : | |

3

AO 72A
(Rev.8/82)

| | |
|---|---|
| WILLIE JAMES TERRELL, JR., : | |
| Inmate No. 893844, : | PRISONER CIVIL RIGHTS |
|     Plaintiff, : | 42 U.S.C. § 1983 |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:10-CV-1845-TWT |
| FULTON COUNTY SHERIFF; et : | |
| al., : | |
|     Defendants. : | |

## **ORDER AND OPINION**

In all of the above-captioned cases, Plaintiff has filed a motion to consolidate and a motion for "de novo review en banc for declaration of indigency for appellate purposes." In <u>Terrell v. Pennington, et al.</u>, Civil Action No. 1:09-CV-2264-TWT, Plaintiff has filed an additional motion he has styled "Extraordinary Motion." [Doc. 9].

I.   <u>Relevant Procedural History</u>

Plaintiff, a frequent filer,[1] filed <u>Terrell v. Pennington, et al.</u>, Civil Action No. 1:09-CV-2264-TWT on August 18, 2009. Because the complaint exceeded the required page limit, on January 4, 2010, this Court ordered Plaintiff to amend the complaint within thirty days by providing a concise, factual statement of his

---

[1] In addition to the ten cases discussed in this Order, Plaintiff also has filed at least eleven other cases in this Court.

claims. Plaintiff subsequently filed Terrell v. City of Atlanta, et al., Civil Action No. 1:09-CV-2385-TWT and Terrell v. Pennington, et al., Civil Action No. 1:09-CV-3345-TWT. This Court ordered the Clerk to consolidate all three cases together into Terrell v. Pennington, et al., Civil Action No. 1:09-CV-2264-TWT based on the similarity between them. The last Order of consolidation was entered by this Court on May 14, 2010.

By May 14, 2010, nearly four months after being instructed to amend his complaint, Plaintiff still had not done so. Rather than dismiss the complaint at that time, and because the three cases were now consolidated with three separate (albeit convoluted) complaints, this Court provided Plaintiff with an additional thirty days to amend the complaint – again instructing Plaintiff to recite a concise, factual statement of his claims. Instead, thirty days later Plaintiff filed a motion for an extension of time to file his amended complaint. Because Plaintiff had over five months to do so, the Court denied his motion and dismissed the action for Plaintiff's failure to obey a lawful order of the Court.

In the interim, Plaintiff received his third "strike" pursuant to 28 U.S.C. § 1915(g) when his appeal in Terrell v. Grady Mem'l Hosp., Civil Action No. 1:08-CV-3931-TWT was dismissed as frivolous. See Terrell v. Grady Mem'l

5

Hosp., Appeal No. 09-130770D (11th Cir. 2010). As such, this Court reviewed the remaining civil actions captioned above and determined in each case that: (1) Plaintiff had three strikes pursuant to 28 U.S.C. § 1915(g); (2) there was no indication that Plaintiff was "under imminent danger of serious physical injury;"[2] and (3) because Plaintiff had not paid the filing fee, the cases should be dismissed without prejudice pursuant to Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).[3]

II.   Analysis

    A.   "Extraordinary Motion": Docket Entry No. 9 in Terrell v. Pennington, et al., Civil Action No. 1:09-CV-2264-TWT.

Plaintiff's "Extraordinary Motion" is essentially a motion for reconsideration. The Court first notes that the Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration. Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice,"

---

[2] Under § 1915(g), if a plaintiff can show such imminent danger, he may still be allowed to proceed in forma pauperis regardless of his previous three strikes.

[3] In Dupree, the Eleventh Circuit held that where the district court denies a prisoner leave to proceed in forma pauperis pursuant to § 1915(g), "the proper procedure is for the district court to dismiss the complaint without prejudice."

6

but only when "absolutely necessary." L.R. 7.2E, N.D. Ga. A party may move for reconsideration only when one of the following has occurred: (1) the discovery of new evidence; (2) an intervening development or change in the controlling law; or (3) the need to correct a clear error or manifest injustice. Adams v. IBM Corp., No. 1:05-CV-3308-TWT, 2007 WL 14293 at *1 (N.D. Ga. Jan. 2, 2007); Preserve Endangered Areas of Cobb's History, Inc. v. United States Army Corps of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996). Plaintiff has not demonstrated that any of these circumstances apply here. Thus, Plaintiff's Extraordinary Motion is **DENIED**.

> B. Motions to Consolidate Cases and for "De Novo Review En Banc For Declaration of Indigency For Appellate Purposes

As discussed in Section I. supra, all of the above-captioned cases are now closed. As such, there is no reason for this Court to consolidate any more of them together. Accordingly, Plaintiff's motion(s) to consolidate cases are **DENIED AS MOOT**.

Finally, because Plaintiff has three strikes, he cannot proceed in forma pauperis on appeal. See Pinson v. Grimes, No. 09-14242, 2010 WL 3096147 at *2 (11th Cir. Aug. 9, 2010) (stating that § 1915(g) "requires frequent

7

filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals") (emphasis added); accord, Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), abrogated on other grounds, Jones v. Bock, 549 U.S. 199 (2007). Thus, his request in all of these cases for a "de novo" review of his indigency for the purpose of appeal is **DENIED**.

III. Conclusion

Based on the foregoing reasons, Plaintiff's motions are **DENIED** as follows:

1. "Extraordinary Motion": Docket Entry No. 9, Terrell v. Pennington, et al., Civil Action No. 1:09-CV-2264-TWT.

2. Motion(s) to Consolidate:

    a. Docket Entry No. 10, Terrell v. Pennington, et al., Civil Action No. 1:09-CV-2264-TWT;

    b. Docket Entry No. 5, Terrell v. City of Atlanta, et al., Civil Action No. 1:09-CV-2385-TWT;

    c. Docket Entry No. 5, Terrell v. Pennington, et al., Civil Action No. 1:09-CV-3345-TWT;

    d. Docket Entry No. 5, Terrell v. Schwall, et al., Civil Action No. 1:09-CV-3482-TWT;

    e. Docket Entry No. 5, Terrell v. Schwall, Civil Action No. 1:09-CV-3483-TWT;

  f. Docket Entry No. 5, <u>Terrell v. City of Atlanta, et al.</u>, Civil Action No. 1:10-CV-1841-TWT;

  g. Docket Entry No. 4, <u>Terrell v. City of Atlanta, et al.</u>, Civil Action No. 1:10-CV-1842-TWT;

  h. Docket Entry No. 4, <u>Terrell v. Atlanta Judicial Circuit, et al.</u>, Civil Action No. 1:10-CV-1843-TWT;

  i. Docket Entry No. 4, <u>Terrell v. City of Atlanta, et al.</u>, Civil Action No. 1:10-CV-1844-TWT;

  j. Docket Entry No. 4, <u>Terrell v. Fulton County Sheriff, et al.</u>, Civil Action No. 1:10-CV-1845-TWT.

3. Motions for de novo determination of indigency for appeal:

  a. Docket Entry No. 11, <u>Terrell v. Pennington, et al.</u>, Civil Action No. 1:09-CV-2264-TWT;

  b. Docket Entry No. 6, <u>Terrell v. City of Atlanta, et al.</u>, Civil Action No. 1:09-CV-2385-TWT;

  c. Docket Entry No. 6, <u>Terrell v. Pennington, et al.</u>, Civil Action No. 1:09-CV-3345-TWT;

  d. Docket Entry No. 6, <u>Terrell v. Schwall, et al.</u>, Civil Action No. 1:09-CV-3482-TWT;

  e. Docket Entry No. 6, <u>Terrell v. Schwall</u>, Civil Action No. 1:09-CV-3483-TWT;

  f. Docket Entry No. 6, <u>Terrell v. City of Atlanta, et al.</u>, Civil Action No. 1:10-CV-1841-TWT;

AO 72A
(Rev.8/82)

g. Docket Entry No. 5, <u>Terrell v. City of Atlanta, et al.</u>, Civil Action No. 1:10-CV-1842-TWT;

h. Docket Entry No. 5, <u>Terrell v. Atlanta Judicial Circuit, et al.</u>, Civil Action No. 1:10-CV-1843-TWT;

i. Docket Entry No. 5, <u>Terrell v. City of Atlanta, et al.</u>, Civil Action No. 1:10-CV-1844-TWT;

j. Docket Entry No. 5, <u>Terrell v. Fulton County Sheriff, et al.</u>, Civil Action No. 1:10-CV-1845-TWT.

SO ORDERED, this 26 day of August, 2010.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge